# Exhibit A

D8015737   A TRUE COPY

# CITATION

| DEANGELA FRANCIS JOHNSON | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| EQUITABLE FINANCIAL LIFE INSURANCE COMPANY OF AMERICA | STATE OF LOUISIANA |
| DOCKET NUMBER: C-177946 | |

TO:  EQUITABLE FINANCIAL LIFE INSURANCE COMPANY OF AMERICA
THROUGH ITS REGISTERED AGENT FOR SERVICE
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within twenty-one (21) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued. You ( as defendant ) will have twenty-one (21) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton, Louisiana, or retain an attorney of your choice to act in your behalf. If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

**PETITION FOR DAMAGES**

Witness the Honorable Judges of our said Court on this the 3RD DAY OF DECEMBER, 2025

*Jill M. Sessions*, CLERK OF COURT

Julie S. Smith

Deputy Clerk

Attorney:
DAVID C. PELLEGRIN, JR.
THE PELLEGRIN FIRM, L.L.C.
504-405-3245

**A TRUE ATTEST COPY**



Deputy Clerk

SERVED ON
NANCY LANDRY

DEC 11 2025

SECRETARY OF STATE
COMMERCIAL DIVISION

Bossier Parish Clerk of Court
Filed Dec 03, 2025 8:40 AM
Sarah Shehane
Deputy Clerk of Court
E-File Received Dec 02, 2025 8:51 PM

C-177946
C

| | |
|---|---|
| **DEANGELA FRANCIS JOHNSON** | **STATE OF LOUISIANA** |
| Versus No. | **PARISH OF BOSSIER** |
| **EQUITABLE FINANCIAL LIFE INSURANCE COMPANY OF AMERICA** | **26th JUDICIAL DISTRICT COURT** |

## PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, DeAngela Francis Johnson ("Plaintiff"), who respectfully represents as follows:

I.

Plaintiff is a person of the full age of majority and a resident of Bossier Parish.

II.

Made Defendant herein is:

a) **Equitable Financial Life Insurance Company of America** - (hereinafter "Equitable" or "Defendant") a foreign insurer registered to do and doing business in Louisiana.

III.

Plaintiff is a beneficiary of a long-term disability policy written by Defendant and sponsored by David Raines Community Health Center. Plaintiff stopped working as a nurse practitioner on or about May 6, 2024 due to post-partum depression, post-traumatic stress disorder, and major depression.

IV.

Equitable has refused to pay Plaintiff's rightful long-term disability benefits despite her eligibility for said benefits and instructions from treating providers to stay off work.

V.

Defendant's unlawful/unreasonable denial of Plaintiff's disability benefits caused increased anxiety on the part of the Plaintiff, exacerbated her conditions, and has led to consequential damages including but not limited to mental anxiety, pain, and suffering.

VI.

Venue is proper in this Court as the disability policy was administered in this parish and

1

Certified True and Correct Copy
CertID: 2025120300066

Bossier Parish
Deputy Clerk Of Court

Generated Date:
12/3/2025 10:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

the Plaintiff is domiciled in this parish. The Court has subject matter jurisdiction over this dispute as Plaintiff's claims arise under federal law and Louisiana law.

VII.

### COUNT 1: Penalties, Back Benefits, and Attorneys' Fees Under La. R.S. § 22:1821 and Other Louisiana Bad Faith Insurance Statutes

Per La. R.S. § 22:1821, health and accident insurers (including disability insurers) are liable for penalties of twice unpaid benefits and attorneys' fees for failure to timely pay a claim upon satisfactory proof. Plaintiff makes a claim for statutory damages, penalties, and attorneys' fees per La. R.S. § 22:1821. Plaintiff asserts a cause of action for any statutory damages, penalties, and attorneys' fees available to her under the Louisiana Revised Statutes against Defendant for failure to timely adjust a claim or timely pay benefits in addition to the cause of action described in La. R.S. § 22:1821.

VIII.

### COUNT 2: Breach of Contract

Plaintiff makes a claim against Equitable for breach of contract under Louisiana law. The disability policy at issue is a contract and Defendant breached that contract by failing to make payment of contractual benefits once proof of loss was provided. Plaintiff is entitled to unpaid benefits, consequential damages, and reasonable attorneys' fees for breach of contract.

IX.

### COUNT 3: Detrimental Reliance

Plaintiff relied on disability benefits being available to her if she could not work due to disability. She has suffered damages due to the promise of benefits that went unfulfilled. Defendants is liable to Plaintiff under a theory of detrimental reliance. Plaintiff is entitled to unpaid benefits, consequential damages, and reasonable attorneys' fees for detrimental reliance.

X.

### COUNT 4: ERISA Claim for Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)

To the extend Plaintiff's claim is governed by the Employee Retirement Income Security Act ("ERISA"), Plaintiff makes a claim pursuant to 29 U.S.C. § 1132(a)(1)(B) for unlawful and unjustified denial of long-term disability benefits. Plaintiff has exhausted administrative remedies by completing her administrative appeal of the claim denial. Defendant erred in finding that Plaintiff was able to return to her own occupation in spite of her post-partum depression, post-traumatic stress disorder, and major depression.

2


**Certified True and Correct Copy**
CertID: 2025120300066

Bossier Parish
Deputy Clerk Of Court

Generated Date:
12/3/2025 10:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

XI.

**COUNT 5: Attorneys' Fees Pursuant to ERISA**

To the extent Plaintiff's Claims are governed by ERISA, Plaintiff makes a claim for attorneys' fees pursuant to 29 U.S.C. § 1132(g).

**Prayer**

WHEREFORE, the Plaintiff respectfully prays that the Court:

A.  Declare, adjudge, and decree that Plaintiff is entitled to disability benefits as provided for in the Equitable policy as long as she remains disabled;

B.  Award Plaintiff the full amount of unpaid benefits to which she is entitled, together with such pre-suit, post-suit, and post-judgment interest as may be allowed by law;

C.  Order that the Defendant make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, including but not limited to consequential damages;

D.  Award Plaintiff the costs of this action and reasonable attorneys' fees;

E.  Award Plaintiff statutory penalties and attorneys' fees for arbitrary and capricious failure to pay insurance benefits;

F.  Award Plaintiff pre-suit, pre-judgment, and post-judgment interest;

G.  Award such other equitable relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, JR. (#34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
email: dpellegrin@pellegrinfirm.com
phone: 504-405-3245
fax: 1-866-651-8738
Attorney for DeAngela Francis Johnson

PLEASE SERVE:

Equitable Financial Life Insurance Company of America
*through its registered agent for service*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

3


**Certified True and Correct Copy**
CertID: 2025120300066

Bossier Parish
Deputy Clerk Of Court

Generated Date:
12/3/2025 10:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).